IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JAMES PAUL TUCKER,

    Plaintiff,

vs.                                            CASE NO. 5:09-cv-50/RS-MD

RONNIE HARRIS, individually and
in his official capacity as Warden of Caryville
Work Camp, CHARLES GERMANY, individually
and in his official capacity as Warden of Calhoun
Correctional Institute, and JOHN/JANE DOE, individually,

    Defendants.
_____/

## ORDER

Before me is Defendant Germany's Motion to Dismiss (Doc. 19).

Plaintiff has sued the multiple defendants pursuant to 42 U.S.C. § 1983 for damages resulting from an accident that occurred while Plaintiff was an inmate. Plaintiff alleges that he was placed into an unsafe environment on May 30, 2007, and was shocked as a result of being forced to work in a live electrical power box without adequate training or equipment. Plaintiff alleges that Defendant Germany, individually and as warden of the Calhoun Correctional Institution (CCI), had directed that Plaintiff be transported to CCI to perform duties there. While at CCI, Plaintiff claims he was directed by Defendant Correctional Officers Doe to install a

bolt in an electrical power box. While tightening the bolt, Plaintiff alleges that he was shocked by a live electrical wire. Plaintiff further alleges that the policies and procedures of Defendant Germany, as warden of CCI, "contributed to the electrocution of Plaintiff . . . by failing to enact policies that held its correctional officers accountable for their actions, by failing to properly supervise its correctional officers, by failing to properly train [his] correctional officers, by failing to implement policies and procedures that would prevent the injury and possible death of inmates in [his] control, and by failing to properly document, supervise, and implement a plan for serious emergency incidents for work crew inmates, and otherwise allowed Plaintiff's civil rights to be violated." (Doc. 4, ¶ 30). Plaintiff does not allege that Defendant Germany was either present when Plaintiff was injured or that he participated in any way.

Defendant Germany moves to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6), relying on Eleventh Amendment immunity, the inapplicability of respondeat superior to a § 1983 claim, lack of causal connection, and qualified immunity.

In order to overcome a motion to dismiss, a plaintiff must allege enough facts to state a claim to relief that is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007). A wholly conclusory statement of a claim will not suffice. *Id*. at 561-63. When ruling on a motion to

dismiss, all factual allegations in the complaint must be accepted as true. *Id*. at 556.

## Eleventh Amendment Immunity

Plaintiff's Section 1983 claims against Germany in his official capacity for damages are barred by the Eleventh Amendment. *Schopler v. Bliss*, 903 F.2d 1373, 1379 n.4 (11th Cir. 1990) ("The Fourteenth Amendment does not by its own force override the States' Eleventh Amendment immunity, nor did Congress abrogate that immunity when it enacted 42 U.S.C. § 1983 . . . .") (internal citations omitted). Consequently, any claims against Defendant Germany must be based on Germany's actions in his individual capacity.

## Supervisor Liability

Supervisor liability pursuant to Section 1983 is permitted in incidents in which the supervisor personally participates in the alleged deprivation. *Doodson v. City of Atlanta*, 763 F.2d 1381, 1389 (11th Cir. 1985). "Without any evidence that the supervisory employee participated in or condoned the alleged deprivations, there can be no Section 1983 liability for the acts of the subordinates." *Geter v. Willie*, 846 F.2d 1352, 1355 (11th Cir. 1988). Here, Plaintiff has not alleged sufficient facts linking Germany to his accident for Germany to be held personally liable for the actions of the corrections officers.

While Plaintiff cannot be held liable for the actions of the corrections officers, "[r]esponsible policy makers or the governmental entity they represent may be held liable under § 1983 when a constitutional injury suffered by the plaintiff is the direct result of the implementation of a custom or policy of the government." *Rocker v. City of Ocala, Fla.*, No. 09-13827 (11th Cir. Dec. 3, 2009). The failure to establish a policy or procedure for adequately training officers may constitute a "policy" giving rise to § 1983 liability, even in cases where the supervising official was not personally involved. *City of Canton v. Ohio,* 489 U.S. 378, 109 S.Ct. 1197 (1989). Any lack of policy must demonstrate a deliberate indifference in order to be actionable. The Supreme Court has stated that deliberate indifference only arises in "limited circumstances" and requires a "deliberate" or "conscious" choice. *City of Canton,* 489 U.S. at 387-89. Moreover, "[b]efore such liability arises ... the need for such training must be plainly obvious to Department decisionmakers." *Wright v. Sheppard,* 919 F.2d 665, 674 (11th Cir.1990). The need for training is not plainly obvious unless there is "evidence of a history of widespread prior abuse." *Id.* Plaintiff has alleged no history of widespread abuse. Consequently, Plaintiff does not allege a cognizable Section 1983 action against Defendant Germany.

**IT IS ORDERED:**

1. Defendant Germany's Motion to Dismiss (Doc. 19) is **granted.** All claims against Defendant Germany are **DISMISSED without prejudice.**

2. Plaintiff's claims against Defendant Harris are **DISMISSED without prejudice** for failure to prosecute pursuant to Fed. R. Civ. P. 4(m) and N.D. Fla. Loc. R. 41.1.

3. All references in the Complaint to Defendant Corrections Officers John or Jane Doe are stricken pursuant to Fed. R. Civ. P. 12(f). Neither the Federal Rules of Civil Procedure nor federal statutes provide for the use of fictitious named of unknown prospective parties in actions filed in United States District Court. Allegations against fictitious parties fail to show the requisite case or controversy for jurisdiction by this court.

4. The clerk is directed to close the file.

**ORDERED** on December 17, 2009.

                               /S/ Richard Smoak
                               **RICHARD SMOAK**
                               **UNITED STATES DISTRICT JUDGE**